# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, etc.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    CIVIL ACTION 10-0310-WS-M |
| | ) |
| **JWWTEW, LLC, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

This matter is before the Court on the plaintiff's motion to strike jury demand. (Doc. 22). The defendants have filed a response and the plaintiff a reply, (Docs. 24, 25), and the motion is ripe for resolution.

According to the complaint, the plaintiff, through its predecessor in interest, loaned the entity defendant ("LLC") $1.3 million. In connection with the loan, LLC executed a note and two security agreements, and the individual defendant ("Williams") executed a guaranty. The complaint seeks recovery under the note and guaranty of approximately $900,000. (Doc. 1).[1]

In their counterclaim, the defendants allege that LLC initially sought a loan of $1.1 million. Before the loan was finalized, LLC asked that it be increased to $1.3 million. The plaintiff agreed, provided that LLC deposit $200,000 as collateral, to be returned once the principal was paid down to $1.1 million. LLC made the deposit, and the plaintiff made the loan. LLC paid down the principal below $1.1 million, but the plaintiff refused to return the collateral. Once LLC began struggling to make its

---

[1] The complaint also seeks recovery on two other, much smaller loans, which are not relevant to the instant motion.

[1]

payments, the plaintiff represented it would work with LLC to explore solutions to keep LLC from defaulting, including by using the $200,000 collateral to make loan payments. The counterclaim alleges in Count One that the plaintiff breached a contract to return the $200,000. It alleges in Count Two that the plaintiff fraudulently misrepresented it would return the $200,000 and fraudulently misrepresented it would work with LLC. (Doc. 18 at 7-9). The defendants "demand trial by jury on all counts." (*Id*. at 9).

The final paragraph of the note executed by LLC, immediately above the signature of its representative, is entitled, "**WAIVER OF JURY TRIAL.**" It provides that, to the extent permitted by applicable law, LLC "KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHT [IT] MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE, THE LOAN DOCUMENTS OR ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONNECTION WITH THIS NOTE, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY WITH RESPECT HERETO." (Doc. 1, Exhibit 1 at 6-7 (emphasis in original)). The guaranty and the security agreements contain substantively identical language and employ essentially identical font, lettering, placement and emphasis. (*Id*., Exhibit 2 at 8-9; *id*., Exhibit 3 at 10; *id*., Exhibit 4 at 6-7).

"[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Aetna Insurance Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393 (1937); *accord LaMarca v. Turner*, 995 F.2d 1526, 1544 (11th Cir. 1993). In the contractual waiver context, overcoming the presumption requires that the waiver be knowing and voluntary. *Bakrac, Inc. v. Villager Franchise Systems, Inc*., 164 Fed. Appx. 820, 823 (11th Cir. 2006) ("A party may validly waive its Seventh Amendment right to a

jury trial so long as the waiver is knowing and voluntary.").[2] "In making this assessment [of whether a contractual waiver of jury is knowing and voluntary], courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." *Id*. at 823-24. The parties agree that this standard controls. (Doc. 22 at 4; Doc. 24 at 2).

There is no serious question as to whether the jury waivers at issue here meet this standard. Each is patently conspicuous, being expressed in a separate paragraph prefaced by a bold-faced introduction and presented (unlike most of the documents' contents) in all capital letters, placed immediately above the signature lines where it is impossible to miss. There is nothing arcane or ambiguous about this waiver, and no degree of sophistication was required to enable the defendants – who have sufficient savvy to be in a position to borrow over one million dollars – to comprehend it. The defendants suggest it is "near impossible" to obtain a bank loan without waiving trial by jury, (Doc. 24 at 3), but they offer nothing to support the implicit proposition that none of the many banking institutions doing business in Mobile County in 2007 would negotiate away a jury waiver in exchange for business, a higher interest rate or other consideration, and the Court is unprepared to accept such a proposition on ipse dixit, especially since the Eleventh Circuit has upheld a jury trial waiver made by a bank customer using similar language. *Jaffe v. Bank of America*, 2010 WL 3449139 at *2 (11th Cir. 2010); *see also Wachovia Bank v. Longcrier Homes, Inc*., 2010 WL 320484 at *2 (S.D. Ala. 2010) (discussing the facial implausibility of an unsupported allegation of inability to obtain a loan without a jury waiver).

---

[2] *Accord Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3rd Cir. 2007); *Merrill Lynch & Co. v. Allegheny Energy, Inc*., 500 F.3d 171, 188 (2nd Cir. 2007); *Leasing Service Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir. 1986).

The defendants do not deny that the waivers encompass the plaintiff's claims, but they argue the waivers are insufficiently broad to capture their counterclaim. (Doc. 24 at 2). They offer no explanation for their position, which is at odds with the language of the waivers. As discussed above, the waivers extend to any litigation "in connection with" the note or guaranty and any statement or action with respect to them. By the defendants' own allegations, their counterclaim is based on the parties' arrangements for obtaining an additional $200,000 in loan proceeds secured by the note and guaranty and negotiations about paying down the loan after it was obtained. *See Jaffe*, 2010 WL 3449139 at *2 (where the plaintiffs contractually waived any right to jury trial "in connection with" their agreement to provide collateral to secure the defendant should there be a draw on a letter of credit which the defendant provided a yacht manufacturer's lender, the waiver extended to the defendant's alleged misrepresentation that the letter of credit would not be honored until and unless the plaintiffs received their yacht).

For the reasons set forth above, the plaintiff's motion to strike jury demand is **granted**. This action will proceed as a non-jury action in all respects.

DONE and ORDERED this 24th day of January, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE